**Peter GIACCIO Jr., Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, New York City Department of Transportation and Iris Weinshall, Commissioner, in her individual and official capacity, Defendants–Appellees.**

No. 07–3957–cv.

United States Court of Appeals, Second Circuit.

Jan. 23, 2009.

Andrew V. Buchsbaum, Friedman, James & Buchsbaum LLP, New York, N.Y., for Plaintiff–Appellant.

Marta Ross, Assistant Corporation Counsel (Edward F.X. Hart, Assistant Corporation Counsel, on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y., for Defendants–Appellees.

Present: Hon. RALPH K. WINTER, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Peter Giaccio, Jr. appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*), which was entered on September 24, 2007, following the issuance of an opinion dated August 14, 2007, in which the district court granted the defendants-appellees' motion for summary judgment and dismissed Giaccio's amended complaint with prejudice. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Giaccio argues on appeal that the district court erred by granting summary judgment because he had submitted evidence demonstrating (1) damages sufficient to sustain his claim that the defendants had violated section 12112(d) of the Americans with Disabilities Act ("ADA"), (2) the existence of an official custom or policy with respect to his section 1983 claim, and (3) that he suffered from a disability and therefore fell within the protections afforded by the New York State and New York City human rights laws. None of these arguments has any merit.

■ First, section 12112(a) of the ADA provides that no employer covered by the Act "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Giaccio contends that he has experienced anxiety and some amount of economic loss as a result of the defendants' alleged breach of section 12112(d)(4)(C). He makes no allegation, however, that he has experienced any discrimination of the type prohibited by section 12112. To the extent that Giaccio argues that the defendants violated the confidentiality provision of the ADA, we need not address the argument because even if such a violation is actionable without demonstrating discrimination, Giaccio has not presented any admissible evidence raising an inference that his drug test records were disclosed by a City official. Thus, he has no valid claim under the ADA.

■ Second, in order to establish a section 1983 claim against municipal defendants, Giaccio must demonstrate that he has been deprived of a constitutional right as the result of an official custom or policy. *See Wray v. City of New York*, 490 F.3d

189, 195 (2d Cir.2007). Yet he identifies, at most, only four examples where the defendants might have disclosed positive drug test results. This evidence falls far short of establishing a practice that is "so 'persistent or widespread' " as to justify the imposition of municipal liability. *See Green v. City of New York,* 465 F.3d 65, 80 (2d Cir.2006) (quoting *Patterson v. County of Oneida,* 375 F.3d 206, 226 (2d Cir.2004)). Furthermore, Giaccio makes no argument that Weinshall in her individual capacity had any personal involvement in the allegedly impermissible conduct. *See Green v. Bauvi,* 46 F.3d 189, 194 (2d Cir.1995) (noting that a plaintiff bringing a § 1983 claim must establish that the defendant was "personally involved in the unconstitutional conduct"). Consequently, even assuming that he could demonstrate the deprivation of a constitutional right, Giaccio cannot establish that liability should lie with any of these defendants.

 Finally, Giaccio's argument that he suffers from a disability—substance dependence or abuse—and thus has viable claims pursuant to N.Y. Exec. Law § 296 and N.Y.C. Admin. Code § 8–107 is belied by his own deposition testimony, in which he stated that (1) he suffered from no disability other than anxiety, (2) he had been tested for drugs approximately a dozen times over the course of his employment with the New York City Department of Transportation and had failed only two of those tests, and (3) he did not believe that the second positive test was a legitimate result.

We have considered Giaccio's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**